UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

BARBARA MATSON, an individual,

     Plaintiff,

vs.

GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC.,
a Florida Corporation,

     Defendant.

_____/

## COMPLAINT

1.    Plaintiff, BARBARA MATSON (referred to as "Plaintiff" and "MATSON"), was an employee of Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., a Florida Corporation, and brings this action for disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (the "ADAAA"), and the Florida Civil Rights Act, F.S. §760.01 *et seq.*

2.    MATSON is an individual residing in Marion County, Florida, within the jurisdiction of this Court.

3.    Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC. (referred to as "Defendant" and "GOODWILL"), has at all times material to this Complaint owned and managed multiple retail thrift store locations throughout Florida including at 637 U.S. 27/441, Lady Lake, Florida 32159 in Lake County, Florida, within the jurisdiction of this Court.

4.      Jurisdiction is conferred on this Court by 28 U.S.C. §1331, §1332, §1337 and §1367, and 42 U.S.C. §12101 *et seq*.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Lake County, Florida, within the jurisdiction of the United States District Court for the Middle District of Florida, Ocala Division.

6.      In approximately late May 2022/early June 2022, MATSON was hired by GOODWILL as a Cashier at Defendant's retail store location at 637 U.S. 27/441, Lady Lake, Florida 32159.

7.      During MATSON's job interview in approximately late May 2022 with GOODWILL's Store Manager, Melissa Graves, Plaintiff discussed with Graves that MATSON was an individual with one or more serious, chronic medical conditions as a result of, *inter alia*, neurological and musculoskeletal disorder(s) primarily because of degenerative discs in MATSON's back and osteoporosis.

8.      At all times material to this action, MATSON was a covered employee of Defendant, GOODWILL, within the meaning of the ADAAA, 42 U.S.C. §12111(4), and the FCRA, F.S. §760.10(1)(a).

9.      At all times material to this action, Defendant, GOODWILL, had Fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the calendar year(s) 2020 and/or 2021.

10.     At all times material to this action, Defendant, GOODWILL, was MATSON's employer within the meaning of the ADAAA, 42 U.S.C. §12111(5), and the FCRA, F.S. §760.02(7).

11.    At all times material to this action, including but not limited to between June 2022 and July 2022, MATSON was an individual with one or more neurological and musculoskeletal and conditions, namely degenerative discs in MATSON's back and osteoporosis.

12.    At all times material to this action, including but not limited to between approximately June 2022 and July 2022, MATSON suffered from one or more "physical impairments" within the meaning of the ADA, 29 C.F.R. §1630.2(h)(1), as a result of MATSON's neurological and musculoskeletal conditions, including but not limited to, Plaintiff suffering from one or more physiological disorders or conditions affecting one or more of MATSON's major bodily functions, including but not limited to Plaintiff's neurological, musculoskeletal, and related functions.

13.    At all times material to this action, including but not limited to between approximately June 2022 and July 2022, MATSON was substantially limited in one or more "major life activities" within the meaning of the ADA and FCRA, including but not necessarily limited to the operation of a major bodily function including MATSON's neurological and musculoskeletal and MATSON's back and bones due to Plaintiff's osteoporosis and degenerative discs.

14.    Similarly, at all times material to this action, including but not limited to between approximately June 2022 and July 2022, MATSON was substantially limited in one or more "major life activities" within the meaning of the ADA and FCRA, including but not necessarily limited to: performing manual tasks; walking; standing; sitting; reaching; lifting; and bending.

15.    At all times material to this action, including but not limited to between approximately June 2022 and July 2022, MATSON was an individual with a "disability" or "handicap" as defined by the ADA and FCRA because Plaintiff (a) suffered physical impairments

that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by GOODWILL as a person with such impairments.

16.    Between June 2022 and early July 2022, MATSON was employed by and scheduled by GOODWILL to work as a part-time employee at Defendant's Lady Lake retail store location.

17.    Between June 2022 and early July 2022, MATSON satisfactorily performed her essential duties as a Cashier for GOODWILL.

18.    On Friday, July 8, 2022, MASTSON went to the Emergency Room at HCA Hospital Ocala because of severe pain in Plaintiff's spine and left hip and MATSON was admitted to the hospital and evaluated through approximately July 9-10, 2022, in part because doctors thought something might be wrong with my MATSON's heart after she'd been experiencing, *inter alia*, palpitations.

19.    MATSON notified her immediate supervisor, Melissa Graves, by telephone on July 8, 2022, that Plaintiff was at the Emergency Room because of MATSON's severe pain in her spine and hip.

20.    On Saturday July 9, 2022, MATSON did not work at GOODWILL because of Plaintiff's disability/handicap and related medical conditions.

21.    On Monday, July 11, 2022, MATSON communicated via both telephone and text message with Melissa Graves about Plaintiff's disability/handicap and related medical conditions and MATSON requested an accommodation from GOODWILL for approximately five (5) to ten (10) days of time off from work because of Plaintiff's disability/handicap and related medical conditions.

22.     As a result of MATSON's communications with Melissa Graves on July 11, 2022 and Plaintiff's disability/handicap medical conditions, MATSON did not work at GOODWILL on Tuesday July 12, 2022.

23.     On Wednesday, July 13, 2022—a day that GOODWILL knew MATSON was not scheduled to and would not be working— MATSON had follow-up communications with Melissa Graves via text message about (i) some of Plaintiff's medical diagnostic paperwork; and (ii) MATSON returning to the hospital on Thursday, July 14, 2022 for testing.

24.     As a result of MATSON's communications with Melissa Graves on July 11 and 13, 2022 and Plaintiff's disability/handicap and related medical conditions, MATSON did not work at GOODWILL on Thursday, July 14, 2022.

25.     On Thursday, July 14, 2022, MATSON went back to Advent Ocala Hospital because of Plaintiff's disability/handicap and related medical conditions and Plaintiff communicated via telephone with Melissa Graves about returning to the hospital.

26.     Notably, MATSON never advised GOODWILL that Plaintiff would be unable to return to work for approximately four (4) to six (6) weeks.

27.     Between Friday, July 15, 2022, and Wednesday, July 20, 2022, MATSON did not work at GOODWILL because of Plaintiff's medical conditions.

28.     On Thursday, July 21, 2022, approximately one and one-half (1.5) hours after MATSON notified Melissa Graves that Plaintiff completed coronary testing for her heart and could return to work with only a few future doctor's appointments— for example, (a) a future doctor's appointment a few weeks later on August 10, 2022 with a neurosurgeon; and (ii) an appointment on September 9, 2022 with a cardiologist—GOODWILL terminated MATSON's employment.

29.    More specifically, when Melissa Graves notified MATSON on the afternoon of July 21, 2022 that Plaintiff's employment with GOODWILL was terminated, Graves communicated to MATSON that although Graves hoped Plaintiff was better, GOODWILL "had to terminate you. You pointed out.  When your better just reapply."

30.    Despite subsequent attempts by MATSON to reach Melissa Graves, GOODWILL did not communicate with Plaintiff.

31.    At all times material to this action, including but not limited to between June 2022 and July 2022, MATSON was qualified to and capable of performing the essential job duties of a Cashier with GOODWILL.

32.    GOODWILL's termination of MATSON's employment in July 2022 was based upon MATSON's actual or perceived disability/handicap, and/or was because of MATSON's exercise of her rights to request an accommodation from Defendant, all in violation of the ADA and FCRA.

33.    The reasons proffered and relied upon by GOODWIL for terminating MATSON's employment in July 2022 were false and known to be false by Defendant and instead were a pretext for unlawful disparate treatment and disability/handicap discrimination and retaliation against MATSON in violation of the ADA and FCRA.

## EXHAUSTION OF ADMINISTRATVIE REMEDIES

34.    On August 30, 2022, MATSON dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR) Charge No. 510-2022-07041 alleging that she had been subjected to disability/handicap discrimination and retaliation in violation of the Americans with Disabilities

Act and the Florida Civil Rights Act.  A copy of MATSON's Charge of Discrimination is attached hereto as Exhibit A.

35.     On March 9, 2023, the EEOC issued a Dismissal and Notice of Suit Rights to MATSON in connection with Charge No. 510-2022-07041, which Notice was received by MATSON on or around March 21, 2023 and a copy of which Notice is attached hereto as Exhibit B.

36.     As of June 2, 2023, more than One Hundred and Eighty (180) days have passed since the filing of MATSON's Charge of Discrimination on August 30, 2022 and the FCHR did not issue any determination concerning MATSON's Charge.   As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," MATSON has exhausted all administrative remedies under Florida as well as Federal law.

37.     MATSON's Complaint is being filed with the Court on June 2, 2023 within Seventy-Three (73) days of MATSON's receipt on or around March 21 , 2023 of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2022-07041.

38.     All conditions precedent to the institution of this action have either occurred or been waived.

<u>**COUNT I**</u>
<u>**DENIAL OF ACCOMMODATION FOR A DISABILITY IN VIOLATION OF**</u>
<u>**THE AMERICANS WITH DISABILITIES ACT**</u>

Plaintiff, BARBARA MATSON, reasserts and reaffirms the allegations of Paragraphs 1 through 38 as if fully set forth herein and further states that this is an action against Defendant,

GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for failure to provide an accommodation for a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

39.    The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

40.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON suffered from one or more neurological and musculoskeletal and conditions, namely degenerative discs in MATSON's back and osteoporosis.

41.    At all times material to this action, , including but not necessarily limited to between approximately June 2022 and July 2022, MATSON suffered from one or more  "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of one or more neurological and musculoskeletal and conditions, namely degenerative discs in MATSON's back and osteoporosis, that affect Plaintiff's bones, spine, and related medical conditions.

42.    At all times material to this action, , including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i)(ii), including but not necessarily limited to the operation of a major bodily function including MATSON's neurological and musculoskeletal functions.

43.    Similarly, at all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to: performing manual tasks; walking; standing; sitting; reaching; lifting; and bending.

44.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by GOODWILL as a person with such impairments.

45.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON had to endure substantial limitations as a result of Plaintiff's musculoskeletal and neurological disorders and related medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because MATSON's medical condition(s) substantially limited Plaintiff's ability to perform one or more major life activities— including but not necessarily limited MATSON's neurological and musculoskeletal functions—as compared to most people in the general population.

46.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because MATSON's neurological and musculoskeletal conditions and related medical condition(s) constitute one or more actual physical impairments that substantially limited one or more of MATSON's major life activities.

47.     In addition, at all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was also "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because MATSON was regarded by GOODWILL as having one or more physical impairments that substantially limited one or more of her major life activities as a result of MATSON's neurological and musculoskeletal conditions and related medical condition(s).

48.     At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Cashier for GOODWILL between approximately June 2022 and July 2022 with or without reasonable accommodation by Defendant.

49.     At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because MATSON possessed the requisite skill and experience to carry out her essential duties as a Cashier for GOODWILL between approximately June 2022 and July 2022, and MATSON likewise was capable of performing the essential functions of her job between even between approximately June 2022 and July 2022 despite MATSON's disability, with or without reasonable accommodation(s) by GOODWILL

50.     Further, MATSON was also qualified for her job with GOODWILL between approximately June 2022 and July 2022 within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of MATSON's neurological and musculoskeletal

disorders and related medical condition(s) because GOODWILL could have and should have provided MATSON with reasonable accommodation(s).

51.    Between approximately July 11, 2022 and July 21, 2022, despite MATSON requesting only a few days off due from her job as a Part-Time Cashier for GOODWILL because of her disability, GOODWILL failed to provide a reasonable accommodation to Plaintiff for her disability in violation of 42 U.S.C. §12112.

52.    GOODWILL knowingly and willfully refused to provide MATSON with a reasonable accommodation in July 2021 for Plaintiff's disability, conduct prohibited by the ADA and ADAAA.

53.    GOODWILL's accommodation failure-violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to MATSON's rights guaranteed under the laws of the United States.

54.    MATSON has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of GOODWILL's accommodation failure-violations of the ADA and ADAAA.

55.    MATSON has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, MATSON is entitled to recover her reasonable attorneys' fees and costs from GOODWILL.

WHEREFORE, Plaintiff, BARBARA MATSON, demands judgment against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive

relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

<u>COUNT II</u>
<u>UNLAWFUL TERMINATION IN VIOLATION OF</u>
<u>THE AMERICANS WITH DISABILITIES ACT</u>

Plaintiff, BARBARA MATSON, reasserts and reaffirms the allegations of Paragraphs 1 through 38 as if fully set forth herein and further states that this is an action against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for disparate treatment and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

56.    The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

57.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON suffered from one or more neurological and musculoskeletal and conditions, namely degenerative discs in MATSON's back and osteoporosis.

58.    At all times material to this action, , including but not necessarily limited to between approximately June 2022 and July 2022, MATSON suffered from one or more "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of one or more neurological and musculoskeletal disorders and related medical conditions, namely degenerative discs in MATSON's back and osteoporosis, that affect Plaintiff's bones, spine, and related medical conditions.

59.    At all times material to this action, , including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i)(ii), including but not necessarily limited to the operation of a major bodily function including MATSON's neurological and musculoskeletal functions.

60.    Similarly, at all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to: performing manual tasks; walking; standing; sitting; reaching; lifting; and bending.

61.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by GOODWILL as a person with such impairments.

62.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON had to endure substantial limitations as a result of Plaintiff's musculoskeletal and neurological disorders and related medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because MATSON's medical condition(s) substantially limited Plaintiff's ability to perform one or more major life activities—including but not necessarily limited MATSON's neurological and musculoskeletal functions—as compared to most people in the general population.

63.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because MATSON's neurological and musculoskeletal conditions and related medical condition(s) constitute one or more actual physical impairments that substantially limited one or more of MATSON's major life activities.

64.    In addition, at all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was also "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because MATSON was regarded by GOODWILL as having one or more physical impairments that substantially limited one or more of her major life activities as a result of MATSON's neurological and musculoskeletal conditions and related medical condition(s).

65.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Cashier for GOODWILL between approximately June 2022 and July 2022 with or without reasonable accommodation by Defendant.

66.    At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because MATSON possessed the requisite skill and experience to carry out her essential duties as a Cashier for GOODWILL between approximately June 2022 and July 2022, and MATSON likewise was capable of performing the essential functions of her job between even between

approximately June 2022 and July 2022 despite MATSON's disability, with or without reasonable accommodation(s) by GOODWILL

67.    Further, MATSON was also qualified for her job with GOODWILL between approximately June 2022 and July 2022 within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of MATSON's neurological and musculoskeletal disorders and related medical condition(s) because GOODWILL could have and should have provided MATSON with reasonable accommodation(s).

68.    On July 21, 2022, GOODWILL terminated Plaintiff's employment because of her actual and/or perceived disability in violation of 42 U.S.C. §12112, which termination was based upon false and/or pretextual grounds because of Plaintiff's actual or perceived disability, in violation of 42 U.S.C. §12112(a).

69.    The reasons proffered by GOODWILL in July 2021 for terminating MATSON's employment were false and a pretext for discrimination against MATSON because of her actual or perceived disability in violation of 42 U.S.C. §12112(a).

70.    GOODWILL knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against MATSON because of her disability so as to discourage, dissuade and/or otherwise dishearten MATSON.

71.    MATSON's actual and/or perceived disability was a motivating factor in GOODWILL's decision to terminate MATSON's employment in July 2021, in violation of 42 U.S.C. §12112.

72.    GOODWILL's violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to MATSON's rights guaranteed under the laws of the United States.

73.    MATSON has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of GOODWILL's violations of the ADA and ADAAA.

74.    MATSON has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, MATSON is entitled to recover her reasonable attorneys' fees and costs from GOODWILL.

WHEREFORE, Plaintiff, BARBARA MATSON, demands judgment against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT III
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, BARBARA MATSON, reasserts and reaffirms the allegations of Paragraphs 1 through 38 as if fully set forth herein and further states that this is an action against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

75.    The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

76.     Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

77.     At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered one or more physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by GOODWILL as a person with such impairments.

78.     At all times material to this action, including but not necessarily limited to between approximately June 2022 and July 2022, MATSON was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Part-Time Cashier for GOODWILL between approximately June 2022 and July 2022 with or without reasonable accommodation.

79.     MATSON engaged in statutorily protected activity under the ADA and ADAAA on multiple occasions between approximately June 2022 and July 2022 by, *inter alia*, MATSON exercising or attempting to exercise or enjoy her rights under the ADA, including but not limited to: (a) MATSON seeking and obtaining medical treatment for her neurological and musculoskeletal disorders and related medical condition(s); and (b) MATSON requesting an accommodation in the form of taking a short amount of time off from her employment with GOODWILL in July 2021 for her disability.

80.    GOODWILL terminated MATSON's employment on July 21, 2022 based upon discriminatory and/or pretextual grounds because of MATSON seeking medical treatment for and/or requesting an accommodation for Plaintiff's disability, all because MATSON engaged in statutorily protected activity under the ADA and ADAAA.

81.    GOODWILL's retaliatory actions against MATSON constitute violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because he or she has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of her having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

82.    GOODWILL's termination of MATSON's employment in July 2021 was unlawful retaliation in violation of 42 U.S.C. §12203 because of Plaintiff exercising her right to both seek and obtain medical treatment and request an accommodation for her disability, in violation of the ADA.

83.    The fact that MATSON engaged in activity protected by the ADA was a motivating factor in GOODWILL's termination of Plaintiff's employment in July 2021, in violation of 42 U.S.C. §12203.

84.    The reasons proffered by GOODWILL in July 2021 for terminating MATSON's employment were a pretext for unlawful retaliation against MATSON in violation of 42 U.S.C. §12203.

85.    As a direct and proximate result of GOODWILL's unlawful retaliation against MATSON in violation of the ADA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

86.    GOODWILL's actions have caused MATSON to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87.    GOODWILL's actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, MATSON's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from Defendant.

88.    Pursuant to 42 U.S.C. §12205, MATSON is entitled to recover her reasonable attorneys' fees and costs from GOODWILL as a result of Defendant's violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, BARBARA MATSON, demands judgment against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

### COUNT IV
### DENIAL OF ACCOMMODATION FOR A HANDICAP
### IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, BARBARA MATSON, reasserts and reaffirms the allegations set forth in paragraphs 1 through 38 above and further states that this is an action against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for failure to provide an accommodation for a handicap in violation of the Florida Civil Rights Act, F.S. §760.10 *et seq.*

89.    Florida Statutes §760.10(1)(a) provides that: "It is unlawful employment practice for an employer:  To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges

of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status." Id. (emphasis added).

90.    At all times material to this action, MATSON was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

91.    At all times material to this action, including but not limited to between June 2022 and July 2022, MATSON suffered from a chronic and/or permanent medical conditions as a result of her neurological and musculoskeletal disorders and related medical conditions, which conditions constitute an actual or perceived "handicap" within the meaning of the FCRA, as MATSON's condition was chronic and involved physical problems including but not necessarily limited to the functioning of MATSON's back spine, and bones as a result Plaintiff's musculoskeletal and neurological disorders and related medical conditions.

92.    At all times material to this action, including but not limited to between June 2022 and July 2022, MATSON was a qualified individual with a handicap within the meaning of the FCRA because MATSON possessed the requisite skill and experience to carry out her duties for GOODWILL as a Part-Time Cashier and MATSON likewise was capable of performing the essential functions of her job despite Plaintiff's handicap(s), with or without reasonable accommodation(s) by GOODWILL

93.    Further, at all times material to this action, including but not limited to between June 2022 and July 2022, MATSON was also qualified for her job with GOODWILL within the meaning of the FCRA even in the face of the impact of MATSON's handicap(s) because GOODWILL could and should have provided MATSON with reasonable accommodation(s).

94.    Between approximately July 11, 2022 and July 21, 2022, despite MATSON requesting only a few days off due from her job as a Part-Time Cashier for GOODWILL because

of her handicap, GOODWILL failed to provide a reasonable accommodation to Plaintiff for her handicap in violation of the Florida Civil Rights Act, F.S. §760.10(1).

95.    GOODWILL knowingly and willfully refused to provide MATSON with a reasonable accommodation in July 2021 for Plaintiff's handicap, conduct prohibited by the Florida Civil Rights Act.

96.    MATSON has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of GOODWILL's accommodation failure-violations of the FCRA.

97.    GOODWILL's accommodation-failure violations of MATSON's rights under F.S. §760.10 were intentional and were done with malice and reckless disregard for MATSON's rights as guaranteed under the laws of the State of Florida, such that MATSON is entitled to punitive damages from GOODWILL pursuant to F.S. §760.11(5).

98.    Pursuant to F.S. §760.11(5), MATSON is entitled to recover her reasonable attorneys' fees and costs from GOODWILL as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, BARBARA MATSON demands judgment against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT V
## UNLAWFUL TERMINATION BECAUSE OF HANDICAP DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, BARBARA MATSON, reasserts and reaffirms the allegations set forth in paragraphs 1 through 38 above and further states that this is an action against Defendant,

GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for disparate treatment and handicap discrimination in violation of the Florida Civil Rights Act, F.S. §760.10 *et seq.*

99.     Florida Statutes §760.10(1)(a) provides that: "It is unlawful employment practice for an employer:  To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status." Id. (emphasis added).

100.    At all times material to this action, MATSON  was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

101.    At all times material to this action, including but not limited to between June 2022 and July 2022, MATSON suffered from a chronic and/or permanent medical conditions as a result of her neurological and musculoskeletal disorders and related medical conditions, which conditions constitute an actual or perceived "handicap" within the meaning of the FCRA, as MATSON's condition was chronic and involved physical problems including but not necessarily limited to the functioning of MATSON's back spine, and bones as a result Plaintiff's musculoskeletal and neurological disorders and related medical conditions.

102.    At all times material to this action, including but not limited to between June 2022 and July 2022, MATSON was a qualified individual with a handicap within the meaning of the FCRA because MATSON  possessed the requisite skill and experience to carry out her duties for GOODWILL as a Part-Time Cashier and MATSON likewise was capable of performing the essential functions of her job despite Plaintiff's handicap(s), with or without reasonable accommodation(s) by GOODWILL

103.    Further, at all times material to this action, including but not limited to between June 2022 and July 2022, MATSON was also qualified for her job with GOODWILL within the meaning of the FCRA even in the face of the impact of MATSON's handicap(s) because GOODWILL could and should have provided MATSON with reasonable accommodation(s).

104.    On July 21, 2022, GOODWILL terminated Plaintiff's employment because of her actual and/or perceived handicap in violation of 42 U.S.C. §12112, which termination was based upon false and/or pretextual grounds because of Plaintiff's actual or perceived handicap, in violation of F.S. §760.10(1)(a) & (b).

105.    MATSON's actual and/or perceived handicap was a motivating factor in GOODWILL's decision to terminate MATSON's employment in July 2021, in violation of F.S. §760.10(1)(a) & (b).

106.    The reasons proffered by GOODWILL in July 2021 for terminating MATSON's employment were false and a pretext for discrimination against MATSON because of her actual or perceived handicap, in violation of F.S. §760.10(1).

106.    Furthermore, despite the facts that MATSON satisfactorily performed her essential duties GOODWILL and that Plaintiff was still qualified in July 2021 to carry her out essential job duties as a Part-Time Cashier for GOODWILL, Defendant unlawfully terminated MATSON in July 2021 because of Plaintiff's actual or perceived handicap, in violation of F.S. §760.10(1).

107.    MATSON has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of GOODWILL's unlawful termination of Plaintiff's employment in July 2021 in violation of the FCRA.

108.    GOODWILL's unlawful termination of MATSON in July 2021 in violation of MATSON's rights under F.S. §760.10 were intentional and were done with malice and reckless

disregard for MATSON's rights as guaranteed under the laws of the State of Florida, such that MATSON is entitled to punitive damages from GOODWILL pursuant to F.S. §760.11(5).

109.    Pursuant to F.S. §760.11(5), MATSON is entitled to recover her reasonable attorneys' fees and costs from GOODWILL as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, BARBARA MATSON demands judgment against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, BARBARA MATSON, reasserts and reaffirms the allegations set forth in paragraphs 1 through 38 above and further states that this is an action against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

110.    Pursuant to the Florida Civil Rights Act (FCRA), F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

111.    At all times material to this action, MATSON  was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

112.    MATSON engaged in statutorily protected activity under the ADA and ADAAA on multiple occasions between approximately June 2022 and July 2022 by, *inter alia*, MATSON exercising or attempting to exercise or enjoy her rights under the ADA, including but not limited to: (a) MATSON seeking and obtaining medical treatment for her neurological and musculoskeletal disorders and related medical condition(s); and (b) MATSON requesting an accommodation in the form of taking a short amount of time off from her employment with GOODWILL in July 2021 for her disability.

113.    GOODWILL terminated MATSON's employment on July 21, 2022 based upon discriminatory and/or pretextual grounds in violation of F.S. §760.10(7) because of MATSON seeking medical treatment for and/or requesting an accommodation for Plaintiff's handicap, all because MATSON engaged in statutorily protected activity under the Florida Civil Rights Act.

114.    GOODWILL's termination of MATSON's employment on July 21, 2022 was retaliation against Plaintiff because she exercised her rights under the Florida Civil Rights Act to both seek medical treatment for her handicap and for requesting an accommodation for her handicap(s), all in violation of F.S. §760.10(7).

115.    The fact that MATSON engaged in activity protected by the FCRA was a motivating factor in GOODWILL's termination of Plaintiff's employment in July 2021, in violation of F.S. §760.10(7).

116.    The reasons proffered by GOODWILL in July 2021 for terminating MATSON's employment were a pretext for unlawful retaliation against MATSON in violation of F.S. §760.10(7).

117.    GOODWILL's violations of MATSON's rights under F.S. §760.10 were intentional and were done with malice and reckless disregard for MATSON's rights as guaranteed

under the laws of the State of Florida, such that MATSON is entitled to punitive damages from GOODWILL pursuant to F.S. §760.11(5).

118.    MATSON has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of GOODWILL's unlawful termination of Plaintiff's employment in July 2021 in violation of F.S. §760.10(7).

119.    Pursuant to F.S. §760.11(5), MATSON is entitled to recover her reasonable attorneys' fees and costs from GOODWILL as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, BARBARA MATSON, demands judgment against Defendant, GOODWILL INDUSTRIES OF CENTRAL FLORIDA, INC., for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

BARBARA MATSON demands trial by jury on all issues so triable.


Dated:  June 2, 2023                          Respectfully submitted,


                                        By:    **KEITH M. STERN**
                                               Keith M. Stern, Esquire
                                               Florida Bar No. 321000
                                               E-mail:  employlaw@keithstern.com
                                               LAW OFFICE OF KEITH M. STERN, P.A.
                                               80 S.W. 8th Street, Suite 2000
                                               Miami, Florida 33130
                                               Telephone:  (305) 901-1379
                                               Fax:  (561) 288-9031
                                               Attorneys for Plaintiff